

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
06/25/2013

| | | |
|---|---|---|
| IN RE: § | | |
| SHARON KAYE KAUFMAN, COLIN K § | CASE NO: 03-20306 | |
| KAUFMAN § | | |
|     Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| COLIN KAUFMAN, *et al* § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 12-02019 | |
| § | | |
| REGIONAL TRANSPORTATION § | | |
| AUTHORITY, *et al* § | | |
|     Defendant(s) § | | |

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

On this day came on for consideration the Motion to Dismiss filed by MV Transportation, Inc., Corpus Christi Regional Transportation Authority, and Delia Cristan, the Defendants in the above-referenced Adversary Proceeding (the "Defendants"). The Court, having heard the arguments of counsel, and having reviewed the pleadings and briefs on file herein, finds that the Motion to Dismiss should be granted. In support thereof, the Court finds as follows.

### BACKGROUND

The Plaintiffs herein, Sharon Kaye Kaufman and Colin Kelly Kaufman (the "Plaintiffs") filed their chapter 13 bankruptcy petition on January 23, 2003. On December 17, 2003, Sharon Kaufman was involved in a motor vehicle accident with Delia Cristan who was driving an RTA bus. Plaintiffs converted their case to a chapter 7 on January 21, 2005 and a trustee was appointed. Plaintiffs sued Defendants in State Court on December 16, 2005 (the "Bus Wreck

Claim" or the "State Court Litigation").

On December 19, 2005, Plaintiffs filed amended schedules in their main bankruptcy case. Amended Schedule B-20 lists "Claims from bus wreck of December 17, 2003, personal injuries to SKK." Amended Schedule B-20 further describes the claim as follows: "Not property of the estate, because arising post-petition, or exempt if any were property of the estate." In Plaintiffs' Schedule C, Property Claimed as Exempt, Plaintiffs again make the following statement: "Not part of the estate, but if they were, they would be exempt: Claims arising out of bus wreck of cerca 12-17-03." Plaintiffs' amended schedules listed other personal injury causes of action and made the same allegations that they were not property of the estate or if they were, they were exempt.

The chapter 7 trustee filed his Objection to Exemptions on January 6, 2006, but did not list the Bus Wreck Claim in his objection. Eventually, on July 16, 2012, an Agreed Order Determining Exemptions; Releasing Claims and Approving Settlement was entered in which Plaintiffs abandoned their personal injury claims. No mention of the Bus Wreck Claim was made in the Agreed Order.  Plaintiffs later filed a Motion to Enter Corrected Order Nunc Pro Tunc Regarding Debtor Exemptions, which this Court granted. The Nunc Pro Tunc Order clarifies that the Bus Wreck Claim was not part of the Agreed Order Determining Exemptions and Plaintiffs did not intend to give up their claim against the Defendants herein.

In the State Court Litigation, Sharon Kaufman (who was represented by counsel) and the Defendants went to mediation which resulted in Sharon Kaufman signing a settlement agreement on January 26, 2011. The State Court Lawsuit was then voluntarily dismissed with prejudice on October 3, 2011. Plaintiffs proceeded at all times as if the Bus Wreck Claim was not property of the estate.

The instant Adversary Proceeding is a complaint to set aside the final judgment of dismissal entered in the State Court Lawsuit on the grounds that it is void because the automatic stay of 11 U.S.C. §362 was not lifted prior to dismissal; the parties did not obtain bankruptcy court approval of the settlement; and the settlement was procured by fraud. Defendants seek dismissal of the adversary proceeding pursuant to Rule 12(b)(1), (6), F.R.Civ.P. and Rule 7012(b), F.R.Bankr.P., for lack of subject matter jurisdiction, lack of standing, failure to state a claim, *res judicata*, and statutory limitations.

## DISCUSSION

**1. The Plaintiffs' Bus Wreck Claim was not property of the estate.**

The Bus Wreck Claim arose after Plaintiffs filed their chapter 13 petition. Upon conversion of the case to chapter 7, the Bus Wreck Claim was not property of the estate. *In re Henley*, 480 B.R. 708, 730 (Bankr. S.D. Tex. 2012)(tort causes of action that arise after the bankruptcy filing are not property of the bankruptcy estate and belong to the debtor).

Plaintiffs argue that until this Court entered its order stating that the Bus Wreck Claim was not part of the prior settlement, it remained property of the estate. Plaintiffs further contend that because the Bus Wreck Claim was property of the estate, dismissal of the State Court Lawsuit without relief from the automatic stay renders the judgment voidable.

Plaintiffs are judicially estopped from claiming that the Bus Wreck Claim was property of the estate at the time of dismissal in State Court. Plaintiffs stated in their schedules that the claim was "Not property of the estate, because arising post-petition, or exempt if any were property of the estate." Moreover, Plaintiffs at all times conducted themselves as if the Bus Wreck Claim was not property of the estate, including agreeing to a settlement, accepting money in settlement, and dismissing the State Court Lawsuit with prejudice. Judicial estoppel based on

statements made by a debtor in the bankruptcy schedules was recently addressed by the Fifth Circuit Court of Appeals in *Love v. Tyson Foods, Inc.,* 677 F.3d 258 (5th Cir. 2012):

> The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding. *See Reed v. City of Arlington,* 650 F.3d 571, 573–74 (5th Cir.2011) (en banc). The aim of the doctrine is to "protect the integrity of the judicial process." *New Hampshire v. Maine,* 532 U.S. 742, 749–50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citation and internal quotation marks omitted). "Because the doctrine [of judicial estoppel] is intended to protect the judicial system, *rather than the litigants,* detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary." *In re Coastal Plains, Inc.,* 179 F.3d at 205 (citation omitted). Moreover, " 'the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets.' " *Id.* at 208 (emphasis omitted) (quoting *Rosenshein v. Kleban,* 918 F.Supp. 98, 104 (S.D.N.Y.1996)).
>
> In determining whether to apply judicial estoppel, we primarily look for the presence of the following criteria: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Reed,* 650 F.3d at 574 (citations omitted). However, judicial estoppel is not governed by "inflexible prerequisites or an exhaustive formula for determining [its] applicability," and numerous considerations "may inform the doctrine's application in specific factual contexts." *New Hampshire,* 532 U.S. at 751, 121 S.Ct. 1808. This court has noted that "[j]udicial estoppel is particularly appropriate where ... a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe,* 412 F.3d at 600.

- - *Id*. at 261-62

Plaintiffs did not raise the argument that the Bus Wreck Claim was property of the estate (or "from" the estate as asserted in their brief) until much later in this case. Moreover, the Trustee did not object to their claim of exemption as to the Bus Wreck Claim.

**2. The Rooker-Feldman Doctrine prevents this Court from overturning a State Court judgment of dismissal with prejudice.**

The instant Adversary Proceeding is an attempt by Plaintiffs to overturn a final state court judgment of dismissal with prejudice. Plaintiffs argue that Sharon Kaufman was tricked into signing the settlement agreement and that Sharon Kaufman's state court attorney dismissed the

State Court Lawsuit without her knowledge or authority.

The Court finds that under the Rooker-Feldman doctrine, it lacks jurisdiction to overturn a final state court judgment. "A state court judgment is attacked for purposes of Rooker–Feldman . . . where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment.'" *Weaver v. Texas Capital Bank N.A.,* 660 F.3d 900, 904 (5th Cir. 2011), *cert. den.* 132 S.Ct. 2103 (2010); citing, *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). Any attempt to set aside the judgment must be brought before the appropriate State Court. This Court cannot so act.

## CONCLUSION

Plaintiffs are judicially estopped from asserting that the Bus Wreck Claim was property of the estate and that the judgment of dismissal is therefore voidable because this Court did not grant relief from the automatic stay. Moreover, the Rooker-Feldman doctrine prohibits this Court from overturning the State Court judgment dismissing the Bus Wreck Claim with prejudice. Plaintiffs' remedies must be addressed in State Court. Accordingly, the Defendants' Motion to Dismiss should be granted.

It is therefore **ORDERED** that the Motion to Dismiss filed by MV Transportation, Inc., Corpus Christi Regional Transportation Authority, and Delia Cristan is hereby **GRANTED**.

SIGNED 06/25/2013.

                                                                                  Richard S. Schmidt
                                                                                  United States Bankruptcy Judge